HENRIETTA C. GIBSON v. PETER GIBSON.

1. PROPONENTS MUST SHOW WILL WAS IN EXISTENCE AND UNREVOKED AT TESTATOR'S DEATH.

Where an alleged last will and testament cannot be found, the burden of proof is upon the proponents to satisfy the court that the will was in existence and unrevoked at the time of the alleged testator's death and was lost, spoliated or destroyed subsequent thereto.

2. EXISTENCE MAY BE SHOWN BY PRESUMPTION OR CIRCUMSTANTIAL EVIDENCE.

The existence, unrevoked, of an alleged last will and testament at the time of and subsequent to the alleged testator's death may be established by circumstantial evidence or presumption, the same as any other fact, as well as by direct evidence. The presumption of continued existence grows weaker the longer the lapse of time since the alleged will was last seen.

3. WHAT EVIDENCE NOT OF PROBATIVE FORCE ON ISSUE OF EXISTENCE OF WILL.

Where the issue in a probate proceeding is the existence of an alleged will subsequent to the death of the alleged testator, irrespective of his intention,

Gibson v. Gibson.

lack of evidence of a changed intention of the decedent, and of his physical disability, after the existence of a will, has some but very little probative force in establishing such issue.

4. WILL LOST OR SPOLIATED BEFORE DEATH CANNOT BE PROBATED UNDER SECS. 5944 AND 5947 REV. STAT.

A will cannot be probated under Secs. 5944 and 5947 Rev. Stat. where it appears that it was "lost, spoliated or destroyed" prior to testator's death and without his knowledge, or even against his will. Said statutes apply only to the probate of such wills as were unrevoked at the testator's death and are lost, spoliated or destroyed subsequent thereto, or after he has become incapable of making a will by reason of insanity.

5. WORD "LOST" WHEN APPLIED TO WILLS MEANS NONEXISTENT.

The word "lost," when used with reference to an alleged last will and testament in a probate proceeding, means when the alleged will becomes substantially or for practical purposes nonexistent, and must be given some of the signification of "spoliated" or "destroyed," although, as a general rule, it means when a thing has been duly searched for and cannot be found.

ERROR to common pleas court of Hamilton county.

**Lawrence Maxwell** and **Charles P. Brown,** for the proponents.

**Thomas B. Paxton** and **Thomas B. Paxton, Jr.,** contra.

JELKE, J.

There is a failure of sufficient proof of fact and a failure of sufficient balance of presumptions to satisfy the court that the alleged will of decedent existed unrevoked at the time of his death and was lost, spoliated or destroyed subsequent to his death.

True, a thing is lost when "it has been duly searched for and cannot be found." It is then presently lost, and lost in relation to those who are searching for it. But the word "lost" here must be given some of the signification of "spoliated" or "destroyed."

Where the time when a thing is lost bears a relation to the time of another fact, that is, the death, the word "lost" must be construed in relation to the thing itself, and must mean when the paper becomes substantially or for practical purposes nonexistent. It will not do to establish the time of the loss in relation to the death by the search, and say that if vain search had been made on November 7, the will would have been lost before the death and because vain search was made on November 9, the same was lost after the death.

Lord St. Leonard's case, L. R. 1 Probate Div. 232, is the most apt and powerful authority counsel for proponents can cite, but its effect is diminished by the statutes, Secs. 5944 and 5947 Rev. Stat. It will not be contended that if it clearly appeared that the paper had been "lost, spoliated or destroyed" prior to the death without testator's knowledge or even against his will, it could be probated in this proceeding under these statutes.

The time when the alleged will became "lost" in relation to the death is here the cardinal issue of fact, *before* or *after,* and the burden is on proponents to "satisfy" the court.

The fact of the paper's existence subsequent to the death can, like any other fact, be established either by presumption or circumstantial evidence, as well as by direct evidence.

Evidence of decedent's unchanged intention, or rather lack of evidence of a changed intention,. and of his physical disability, is circumstantial and has some probative force, but very little where the issue is "existence of the paper subsequent to the death" irrespective of intention.

Giving this circumstantial evidence weight enough to rebut the presumption of revocation, the question of the time when the paper became lost persists.

The presumption of continued existence grows weaker the longer the time elapsed since the paper was seen on November 1. The presumption is stronger that the paper became "lost" on November 7 than on November 9.

The balance is very delicate, but slightly against the probate of this alleged will. Proponents cannot therefore prevail, since the burden is upon them to "satisfy" the court.

Judgment affirmed.